**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**DAVID F. FELDMAN, SR.**        **Civil Action No. _____**
321 Glen Gary Drive
Havertown PA  19083    :
             :
             :    **Jury Trial Demanded**
       **and**          :
             :
**XF EVENTS, LLC**         :
321 Glen Gary Drive     :
Havertown PA 19083     :
          **Plaintiffs,**    :
      **v.**           :
             :
**CFFC PROMOTIONS, LLC**   :
590 Madison Avenue, 21ˢᵗ Floor
NY NY 10022        :
            **and**     :
             :
**ROBERT HAYDAK**      :
590 Madison Avenue, 21ˢᵗ Floor
 NY NY 10022     **and**    :
             :
**MICHAEL CONSTANTINO**   :
590 Madison Avenue, 21ˢᵗ Floor
NY NY 10022 .       :
        **Defendants.**

---

**CIVIL COMPLAINT**

**A. Jurisdiction and Venue**

     1.   Jurisdiction is vested in this Court by diversity if citizenship virtue of Title 28 U.S.C.

        § 1332; venue is proper under applicable law as the cause of action arose in this

        District.

**B. Parties**

     2.   Plaintiff DAVID F. FELDMAN, SR. ("FELDMAN") is a private adult individual,

and is the managing member of co-plaintiff XF EVENTS, LLC,  doing business at the address

1

listed above.

3.  Plaintiff XF EVENTS, LLC (hereinafter collectively referred to as "XF"),  a domestic limited liability company operating as a  sports promotion, marketing and management company, and in related fields, primarily in the area of mixed martial arts and combat sports, with its principal location at the address listed above.

4.    Defendant CFFC PROMOTIONS, LLC ("CFFC") is a New Jersey limited liability company operating as a sports promotion, marketing, and management company, primarily in the area of mixed martial arts, with its principal location at the address listsed above; defendant CFFC does business within this District.

5. Defendant ROBERT HAYDAK ("HAYDAK")  is a private adult individual,  and is the managing and/or co-managing member of co-defendant CFFC,  doing business at the address listed above.

6.  Defendant MICHAEL CONSTANTINO ("CONSTANTINO")  is a private adult individual,  and is the managing and/or co-managing member of co-defendant CFFC,  doing business at the address listed above.

7. At all times material hereto, the defendants acted on their own behalves, or they acted through the deeds of their employees, servants, agents, representatives, and the like, acting within their course of employment and scope of duties.

**C. Causes of Action**

### COUNT ONE: BREACH OF EXPRESS WRITTEN AGREEMENT
### (FELDMAN VS. CFFC ONLY)

8. In 2014, and continuing through the present, defendants CFFC, HAYDAK and CONSTANTINO  sought to expand the influence, goodwill, reputation, prestige, and revenues

in the lucrative expanding field of mixed martial arts.

9. In 2014, in its pursuit of the goals of defendants as aforepleaded, defendants approached plaintiffs XF and FELDMAN, seeking to acquire:

a) The assets of XF, a competitor of CFFC; and,

b) The expertise, knowledge, experience, guidance, counsel, contacts, and advice of FELDMAN.

10. Towards that end, defendants prepared several agreements to effectuate its purposes.

11. The gist of the agreements provided in relevant part that in consideration for XF's transfer of assets to CFFC, CFFC would enter into a lucrative Employment Agreement with FELDMAN, providing for substantial consideration to FELDMAN..

12. Accordingly, on or about July 7, 2014 CFFC and XF entered into an "General Assignment and Bill of Sale" memorializing CFFC's purchase of XF's assets.  A copy of the signed instrument is attached hereto as Exhibit and incorporated by reference.

13. At that time, the parties entered into an Assets Purchase Agreement which is refernced in the General Assignment and Bill of Sale.

14. Defendant XF fully performed under the terms of said Agreements, and never did CFFC, or its principals, co-defendants HAYDAK and CONSTANTINO, ever notify XF or FELDMAN of  XF's failure to comply with the terms of the acquisition agreements.

15. Contemporaneously therewith, plaintiff FELDMAN and CFFC entered into:

a) A "CFFC Acquisition Term Sheet", provding in relevant part for a one-time $20,000 payment to FELDMAN; and,

b) An "Employment Agreement", " . . .effective as of August 10, 2014", providing for financial compensation to FELDMAN from CFFC; these agreements were

3

prepared by defendants HAYDAK and CONSTANTINO and were executed with the specific purpose of inducing FELDMAN to transfer over the assets of XF for zero compensation. A copy of the "CFFC Acquisition Term Sheet" and the "Employment Agreement" are attached as Exhibits hereto and incorporated by reference as though fully set forth herein and made a part hereof.

16. Defendant CFFC is in material breach of the CFFC Acquisition Term Sheet and Employment Agreement, causing damages to FELDMAN, by failing to pay the following compensation to FELDMAN:

a) The $20,000 one-time fee set forth in the Term Sheet;

b) The sum of $337,500, representing Ten Percent (10%) of the cash value earned by CFFC upon its acquisition by a third party behemoth Alliance MMA (upon information and belief, CFFC received 750,000 shares of Alliance MMA stock valued at $4.50 per share); under the terms of the Employment Agreement, FELDMAN was supposed to receive 10% of this windfall; and,

c) A sum yet to be determined, as provided for in the Employment Agreement, representing FELDMAN's entitlement to a percentage of CFFC's ongoing profits.

17. At no time whatsoever, have defendants notified FELDMAN that he is in material breach of the Employment Agreement of Term Sheet; to the contrary, FELDMAN has fully performed, and has remained ready, willing and able to perform, as required under said agreements.

18. In November of 2016, plaintiff notified defendants by certified mail, repeatedly, of their breach, and of plaintiffs' damages, and the certified mailings were completely and totally ignored by defendants; accordingly, despite repeated demand,

4

19.  Defendant CFFC is liable to FELDMAN for damages as aforepleaded as a result of its material breach of express written agreement.

WHEREFORE, on Count One, plaintiff FELDMAN demands judgment in his favor and against defendant CFFC as follows:

A)           For compensatory damages in excess of $357,500;

B)           For consequential and incidental damages in conformity with the proofs at trial;

C)           For such other relief as this Court may deem proper.

## COUNT TWO: BREACH OF EXPRESS WRITTEN AGREEMENT

## (XF VS. CFFC ONLY)

20. Paragraphs 1 through 19 are incorporated by reference as though fully set forth herein and made a part hereof.

21.  The entering into, and honoring, CFFC's  Employment Agreement with FELDMAN was a material term of  the acquisition agreement  between CFFC and XF.

22.  CFFC materially breached its acquisition agreement with XF by failing to honor the terms of the Employment Agreeent which was a key consideration of the subject acquisition agreement.

23.  As a result of CFFC's material breach, XF has suffered monetary damages, in the form of lost profits, lost prospective business opportunities; further, CFFC is liable to disgorge any profits earned as a product of the acquisition agreement.

24.  Defendant CFFC is liable to XF for breach of express written agreement.

WHEREFORE, on Count Two, plaintiff XF demands judgment in his favor and against defendant CFFC as follows:

A)           For compensatory damages in excess of $75,000 for lost profits and lost

5

prospective business;

B)      For compensatory damages for profits earned by CFFC as a result of the assets

acquired by CFFC from XF;

C)      For consequential and incidental damages in conformity with the proofs at trial;

D)      For such other relief as this Court may deem proper.

## COUNT THREE: PROMISSORY ESTOPPEL

## (FELDMAN VS. CFFC)

25.  Paragraphs 1 through 24 are incorporated by reference as though fully set forth

herein and made a part hereof.

26.  Defendant CFFC promised FELDMAN that if he agreed to transfer XF to CFFC, he

would be compensated as provided for in the Acquisition Term Sheet and Employment

Agreement.

27.  Plaintiff FELDMAN justifiably relied upon defendant's promise, and transferred the

assets of XF to CFFC.

28.  Defendant CFFC breached its promise to FELDMAN by failing to honor the terms of

the Employment Agreement and Term Sheet, and CFFC is liable to FELDMAN  for damages

as aforepleaded under the doctrine of promissory estoppel.

WHEREFORE, on Count Three, plaintiff FELDMAN demands judgment in his

favor and against defendant CFFC as follows:

A)      For compensatory damages in excess of $357,500;

B)      For consequential and incidental damages in conformity with the proofs at trial;

C)      For such other relief as this Court may deem proper.

## COUNT FOUR: PROMISSORY ESTOPPEL

( **XF vs. CFFC**)

29.  Paragraphs 1 through 28 are incorporated by reference as though fully set forth herein and made a part hereof.

30.  Defendant CFFC promised XF that if it entered into the Assets Purchase Agreement with CFFC, that XF's principal and managing member FELDMAN would be compensated as per the terms of the Employment Agreement and Acquisition Term Sheet.

31.  Plaintiff XF justifiably relied upon defendant's promise, and transferred the assets of XF to CFFC.

32.   Defendant CFFC breached its promise to XF by failing to honor the terms of the Employment Agreement and Term Sheet, and CFFC is liable to XF  for damages as aforepleaded under the doctrine of promissory estoppel.

WHEREFORE, on Count Four, plaintiff XF demands judgment in his favor and against defendant CFFC as follows:

A)	For compensatory damages in excess of $75,000 for lost profits and lost prospective business;

B)	For compensatory damages for profits earned by CFFC as a result of the assets acquired by CFFC from XF;

C)	For consequential and incidental damages in conformity with the proofs at trial;

D)	For such other relief as this Court may deem proper.

## COUNT FIVE:  UNJUST ENRICHMENT / QUASI-CONTRACT / BREACH OF IMPLIED-IN-LAW AGREEMEN

### (FELDMAN VS. CFFC)

33.  Paragraphs 1 through 32 are incorporated by reference as though fully set forth herein and made  a part hereof.

34.  FELDMAN incurred a detriment by effectuating the transfer of XF's assets to CFFC, and by acting as consultant, advisor, and related capacities to defendant CFFC.

35.  Defendant CFFC incurred the benefit of enhanced goodwill, reputation, revenues, and the like, as a direct result and benefit of FELDMAN's detriment.

36.  Defendant CFFC is liable to FELDMAN for breach of implied-in-law "quasi" contract, for its unjust enrichment at the expense of FELDMAN.

WHEREFORE, on Count Five, plaintiff FELDMAN demands judgment in his favor and against defendant CFFC as follows:

A)      For compensatory damages in excess of $75,000;

B)      For consequential and incidental damages in conformity with the proofs at trial;

C)      For such other relief as this Court may deem proper.

## COUNT SIX:  UNJUST ENRICHMENT / QUASI-CONTRACT / BREACH OF IMPLIED-IN-LAW AGREEMENT

### (XF VS. CFFC)

37.  Paragraphs 1 through 36 are incorporated by reference as though fully set forth herein and made  a part hereof.

38.  FELDMAN incurred a detriment by effectuating the transfer of XF's assets to CFFC, and by acting as consultant, advisor, and related capacities to defendant CFFC.

39.  Defendant CFFC incurred the benefit of enhanced goodwill, reputation, revenues,

and the like, as a direct result and benefit of FELDMAN's detriment.

40.  Defendant CFFC is liable to FELDMAN for breach of implied-in-law "quasi" contract, for its unjust enrichment at the expense of FELDMAN.

WHEREFORE, on Count Six, plaintiff XF demands judgment in its favor and against defendant CFFC as follows:

A)      For compensatory damages in excess of $75,000;

B)      For consequential and incidental damages in conformity with the proofs at trial;

C)      For such other relief as this Court may deem proper.

## COUNT SEVEN: TORTUOUS INTERFERENCE WITH BUSINESS RELATIONS
## (FELDMAN VS. CFFC)

41.  Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein and made  a part hereof.

42.  At all times material hereto, plaintiff FELDMAN performed services in the mixed martial arts and combat sports fields.

43.  Defendant CFFC tortuously interfered with FELDMAN's business relations by inducing FELDMAN to relinquish control of his business, and inducing FELDMAN to enter into the aforepleaded agreement with CFFC.

44.  Defendant CFFC is liable to plaintiff for tortuous interference with business relations.

45.  Defendant's tortuous conduct was outrageous, intentional, willful and with reckless disregard for the rights of plaintiff, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Seven, plaintiff FELDMAN demands judgment in his favor and

against defendant CFFC as follows:

A)      For compensatory damages in excess of $75,000;

B)      For punitive damages to be determined by the finder of fact;

C)      For such other relief as this Court may deem proper.

## COUNT EIGHT: TORTUOUS INTERFERENCE WITH BUSINESS RELATIONS

## (XF VS. CFFC)

46.  Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein and made a part hereof.

47.  At all times material hereto, plaintiff XF conducted business in the mixed martial arts and combat sports fields.

48.  Defendant CFFC tortuously interfered with XF's business relations by inducing XF to sell its business to CFFC by entering into the aforepleaded purchase agreement, without compensating XF, and without intending to compensate XF.

49.  Defendant CFFC is liable to plaintiff XF for tortuous interference with business relations.

50.  Defendant's tortuous conduct was outrageous, intentional, willful and with reckless disregard for the rights of plaintiff XF, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Eight, plaintiff XF demands judgment in its favor and against defendant CFFC as follows:

A)      For compensatory damages in excess of $75,000;

B)      For punitive damages to be determined by the finder of fact;

C)        For such other relief as this Court may deem proper.

## COUNT NINE: FRAUD, DECEIT AND MISREPRESENTATION

## (FELDMAN VS. CFFC)

51.  Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein and made  a part hereof.

52.  Defendant CFFC fraudulently induced FELDMAN to sign the aforepleaded agreements pertaining to FELDMAN and XF by falsely promising FELDMAN compensation in consideration thereof.

53.  Plaintiff FELDMAN justifiably relied upon CFFC's  false promise, thereby causing FELDMAN to sustain damages as aforepleaded.

54.  Further, prior to and contemporaneously with FELDMAN's entering into the aforpleaded agreement with CFFC, CFFC falsely misrepresented to FELDMAN  its true intent of denying FELDMAN  compensation.

55.  Defendant CFFC is liable to plaintiff for its fraudulent representations.

56.  Defendant's fraudulent misrepresntations were outrageous, intentional, willful and with reckless disregard for the rights of plaintiff, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Nine, plaintiff FELDMAN demands judgment in his favor and against defendant CFFC as follows:

A)        For compensatory damages in excess of $75,000;

B)        For punitive damages to be determined by the finder of fact;

C)        For such other relief as this Court may deem proper.

## COUNT TEN: FRAUD, DECEIT AND MISREPRESENTATION

## (XF VS. CFFC)

57.  Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein and made  a part hereof.

58.  Defendant CFFC fraudulently induced  XF to sign the aforepleaded agreement by falsely promising XF's principal compensation in consideration thereof.

59.  Plaintiff XF justifiably relied upon CFFC's  false promise, thereby causing XF to sustain damages as aforepleaded.

60.  Further, prior to and contemporaneously with XF's entering into the aforpleaded agreement with CFFC, CFFC falsely misrepresented to XF its true intent of denying compensation to XF's principal.

61.  Defendant CFFC is liable to plaintiff XF for its fraudulent representations.

62.  Defendant's fraudulent misrepresntations were outrageous, intentional, willful and with reckless disregard for the rights of plaintiff, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Ten, plaintiff  XF demands judgment in its favor and against defendant CFFC as follows:

A)          For compensatory damages in excess of $75,000;

B)          For punitive damages to be determined by the finder of fact;

C)          For such other relief as this Court may deem proper.

## COUNT ELEVEN: PIERCING THE CORPORATE VEIL

## (FELDMAN V. HAYDAK)

57.  Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein and made  a part hereof.

58.  Defendant CFFC fraudulently induced  XF to sign the aforepleaded agreement by falsely promising XF's principal compensation in consideration thereof.

59.  Plaintiff XF justifiably relied upon CFFC's  false promise, thereby causing XF to sustain damages as aforepleaded.

60.   Further, prior to and contemporaneously with XF's entering into the aforpleaded agreement with CFFC, CFFC falsely misrepresented to XF its true intent of denying compensation to XF's principal.

61.  Defendant CFFC is liable to plaintiff XF for its fraudulent representations.

62.  Defendant's fraudulent misrepresntations were outrageous, intentional, willful and with reckless disregard for the rights of plaintiff, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Ten, plaintiff  XF demands judgment in its favor and against defendant CFFC as follows:

A)        For compensatory damages in excess of $75,000;

B)        For punitive damages to be determined by the finder of fact;

C)        For such other relief as this Court may deem proper.

## COUNT TWELVE: PIERCING THE CORPORATE VEIL

## (XF VS. HAYDAK AND CONSTANTINO)

63.  Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein

and made  a part hereof.

64.   Under the law, in order to pierce the corporate veil, thereby exposing the corporate principal to personal liability, the plaintiff must prove the individuals/principals' fraudulent misrepresentation.   See, e.g., Fletcher-Harlee Corp. v. Szymanski, 936 A.2d 87, at 100 (Pa.Super. 2007).

65.   Defendants HAYDAK and CONSTANTINO, principals of defendant CFFC, both made material misrepresentations to XF to induce XF to enter into the purchase agreement with CFFC, which misrepresentations were inclusive but not limited to falsely promising that CFFC will compensate XF's principal FELDMAN as pleaded hereinabove.

66.   Due to defendants' material misrepresentations which were relied upon by plaintiff XF,  XF sustained damages as aforepleaded.

67.   Defendants HAYDAK and CONSTANTINO are jointly liable to plaintiff XF for their fraudulent representations.

68.   Said defendants' fraudulent misrepresentations were outrageous, intentional, willful and with reckless disregard for the rights of plaintiff XF, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Twelve,  plaintiff  XF demands judgment in its favor and against defendants HAYDAK and CONSTANTINO, jointly and severally, as follows:

A)          For compensatory damages in excess of $75,000;

B)          For punitive damages to be determined by the finder of fact;

C)          For such other relief as this Court may deem proper.

**COUNT THIRTEEN: PIERCING THE CORPORATE VEIL**

14

## (FELDMAN V. HAYDAK AND CONSTANTINO

69.  Paragraphs 1 through 68 are incorporated by reference as though fully set forth herein and made  a part hereof.

70.  Under the law, in order to pierce the corporate veil, thereby exposing the corporate principal to personal liability, the plaintiff must prove the individuals/principals' fraudulent misrepresentation.   See, e.g., <u>Fletcher-Harlee Corp. v. Szymanski,</u> 936 A.2d 87, at 100 (Pa.Super. 2007).

71.   Defendants HAYDAK and CONSTANTINO, principals of defendant CFFC, both made material misrepresentations to induce FELDMAN to enter into the purchase agreement with CFFC, which misrepresentations were inclusive but not limited to falsely promising that CFFC will compensate   FELDMAN as pleaded hereinabove.

72.   Due to defendants' material misrepresentations which were relied upon by plaintiff XF,   FELDMAN sustained damages as aforepleaded.

73.  Defendants HAYDAK and CONSTANTINO are jointly liable to plaintiff FELDMAN for their fraudulent representations.

74.  Said defendants' fraudulent misrepresentations were outrageous, intentional, willful and with reckless disregard for the rights of plaintiff FELDMAN, giving rise to an award of punitive damages in favor of plaintiff.

WHEREFORE, on Count Thirteen, plaintiff FELDMAN demands judgment in its favor and against defendants HAYDAK and CONSTANTINO, jointly and severally,  as follows:

A)        For compensatory damages in excess of $75,000;

B)        For punitive damages to be determined by the finder of fact;

C)        For such other relief as this Court may deem proper.

**Respectfully submitted,**

<u>**Dated: May 25, 2017**</u>                         **/Simon Rosen, Esq./ (#6279)**

**Counsel for Plaintiffs**

**LAW OFFICE OF SIMON ROSEN**

**By: Simon Rosen, Esq.**
**ID No. 38603**
**2019 Walnut Street**
**Philadelphia PA 19103**
**(215)564-0212- w**
**(215)893-3900- f**
**Email: SimonOnKey@aol.com**

16